UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE ALLEN HOFFMAN, | No. C 09-1777 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| Sheriff MICHAEL HENNESSEY; et al., | |
| Defendants. | |

## INTRODUCTION

Duane Allen Hoffman, an inmate at the San Francisco County Jail # 8, filed a pro se civil rights complaint and under 42 U.S.C. § 1983. He then filed an amended complaint, and sent several letters to the court. This case is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The overarching problem in this action is the shifting nature of plaintiff's claims. Plaintiff filed a complaint that alleged that he was denied religious items. He then filed an amended complaint in which he alleged he had been discriminated against on the basis of religion and race, that his mail had been tampered with, that he had been verbally harassed with anti-Semitic insults, that his religious text was tampered with, and that he had been beaten. He also sent several letters to the court making additional allegations about problems at the county jail. This way of informing the court of his various problems may create unexpected problems for him because his amended complaint is deemed to supersede the original complaint, see London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint"), and claims for relief have to be asserted in pleadings rather than in letters to the court. As a result of plaintiff's actions, it may be that he wants to assert more claims than he has alleged in his amended complaint, but does not realize that he has not done so. Leave to amend will be granted so that plaintiff may assert all his claims in a second amended complaint. The court provides the following instructions with regard to the required amendment.

First, he must state each claim separately in his second amended complaint. For each claim, he should describe what happened and the date on which it happened.

Second, he must identify (in each claim) each and every defendant who he proposes to hold liable on that claim. For example, if plaintiff wants to claim that he was denied an adequate Kosher diet, he should identify each person who provided the inadequate food or failed to provide the adequate food. Plaintiff must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each

of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Plaintiff is cautioned that there is no respondeat superior liability under §1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under §1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

As to the municipality and the sheriff, plaintiff needs to expand his allegations if he wants to state a claim against either. The municipality can be a "person" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978), but a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see id. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Plaintiff must make the necessary allegations in his second amended complaint if he wishes to keep the municipality and the sheriff as defendants.

1   Third, plaintiff should state in his second amended complaint whether he was a
2 convict or a pretrial detainee at the time the various events occurred. His status makes a
3 difference as to the constitutional basis for at least his excessive force claim.
4   Fourth, plaintiff's second amended complaint must be a complete statement of all of
5 plaintiff's claims. The court will not read through letters to search for additional claims that
6 plaintiff has not included in the second amended complaint. The pleadings (e.g., the
7 complaint and the amended complaint) set the scope of the litigation, and that scope cannot
8 be expanded through letter-writing.
9   In addition to the foregoing information about amending his pleading, the court
10 provides the following information about the conduct of this action. Plaintiff should not send
11 any more letters to the undersigned or to the court clerk providing details and arguments
12 about his case. When he wants action from the court, he should file a motion in which he
13 explains clearly what he wants the court to do and provides the legal authority for his request.
14 Any document he sends the court will be filed in the public record. With very rare exception,
15 ex parte communications with the judge are not proper. Plaintiff also is cautioned that the
16 court does not do investigations or discovery on behalf of litigants. It is the plaintiff's
17 responsibility to obtain and present to the court all the evidence he wants the court to
18 consider, but should hold that evidence until there is a trial or a motion pending to which that
19 evidence pertains. In short, rather than writing letters to the court, he should be preparing a
20 carefully-drafted second amended complaint that states his claims (so that he doesn't feel a
21 need to add to the allegations with letters to the court) and should be gathering his evidence
22 and organizing his legal argument so that he will be ready when it comes time to present his
23 case to the court.
24 / / /
25 / / /
26 / / /
27 / / /
28

**CONCLUSION**

The amended complaint is DISMISSED with leave to amend. The second amended complaint must be filed no later than **August 14, 2009**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his second amended complaint must be a complete statement of his claims and will supersede existing pleadings. Failure to file the second amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: June 30, 2009

_____
Marilyn Hall Patel
United States District Judge