UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE ALLEN HOFFMAN, | No. C 09-1777 MHP (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| MICHAEL HENNESSEY, Sheriff; et al., | |
| Defendants. / | |

### INTRODUCTION

Duane Allen Hoffman, an inmate at the San Francisco County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. The court dismissed the complaint with leave to amend. Hoffman then filed a second amended complaint, which is now before the court for review pursuant to 28 U.S.C. §1915A.

### BACKGROUND

Hoffman alleges that he has been at the San Francisco County Jail since May 12, 2008, and has numerous physical ailments. He asserts four claims in his second amended complaint. (The court treats the 5-page form complaint marked "2nd Ammended Complaint" and the 44-page document marked "2nd Ammended Motion" as comprising the second amended complaint. This is done because use of only the former would result in dismissal of some defendants; the 5-page form omits some necessary allegations, which are in the latter document even though that document is laden with arguments that are wholly unnecessary in a pleading.)

Hoffman alleges that jail staff confiscated his yarmulke and refused to allow him to have a tallit katan (i.e., a prayer shawl) in April 2009. He. alleges that the yarmulke and tallit katan are important to his practice of his Jewish religion. Hoffman contends that Sheriff Hennessey signed the policy that allows inmates of other faiths to have their objects of religious significance but he has not been allowed to have his. His second amended complaint is somewhat confusing on who took the items, but he appears to contend that it was done by officer Taylor, captain Butler, and/or Lieutenant Adams. He has not named any of those three individuals as defendants and appears to limit his claim to one against the municipality and sheriff for condoning, ratifying, and authorizing the denial of the religious items. See Second Amended Complaint, attachment, pp. 6-7 ("this § 1983 action (religious articles section) is based only on local municipalities (i.e. Sheriff of City of San Francisco)"); pp. 32-42 (allegations regarding Sheriff's and Sheriff's Department liability).

Hoffman alleges that deputy O'Shea, deputy Lopez and deputy Conklin verbally harassed and threatened to retaliate against him if he did not withdraw his claim about the denial of religious items. See Second Amended Complaint, attach., pp. 14-15.

Hoffman further alleges that he was threatened and beaten on May 16, 2009. He alleges that deputy Markrees and Deputy McAffee entered his housing area and made verbal threats to try to get him to drop his complaint about the religious items, but he refused, so the deputies pulled him out of his wheelchair and beat him.

Hoffman also alleges that Sheriff Hennessey and the San Francisco Sheriff's Department condoned and failed to stop the mistreatment of Hoffman, acquiesced in the mistreatment of Hoffman, and failed to reprimand Sheriff's Department employees for their actions.

## DISCUSSION

A.  Review Of Second Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and

2

1 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
2 be granted, or seek monetary relief from a defendant who is immune from such relief. See
3 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In order to establish a violation of the Free Exercise Clause of the First Amendment's right to freedom of religion, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008). For a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, the plaintiff-prisoner must show that the government has imposed a substantial burden on his religious exercise. Construing the allegations of the pro se pleading liberally, as the court must, it appears that Hoffman has stated a cognizable claim under the First Amendment and under RLUIPA based on the denial of a yarmulke and tallit katan. He chose not to name as defendants the individuals who denied the items, and apparently chose to sue the Sheriff individually and San Francisco Sheriff's Department as an arm of the municipality on this claim. See Second Amended Complaint, attachment at 32-36. liberally construed, these two defendants have been adequately linked to this claim. See City of Canton v. Harris, 489 U.S. 378 388 (1989) (municipal liability for failure to supervise, monitor or train); Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2009) (administrator liability based on failure to respond to a prisoner's request for help); Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (supervisor liability). Admittedly, the allegations of liability for the sheriff and sheriff's department are rather broad, but the rule requiring liberal construction of pro se pleadings leads the court to determine that they are sufficient. The defendants will be able to flesh out the particulars of the claims against them through discovery, where the plaintiff will have to be factually precise and less argumentative in explaining what defendants did that

3

supports liability.

The second amended complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Markrees and McAffee for a due process violation based on the use of excessive force on Hoffman. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) ("[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."); Bell v. Wolfish, 441 U.S. 520 (1979) (Due Process Clause governs pretrial detainees' claims and Eighth Amendment does not apply).

The second amended complaint alleges that defendants McAffee and Markrees made threats and beat Hoffman, and that defendants O'Shea, Lopez and Conklin made threats to harm Hoffman, if he did not drop his complaint about the denial of his religious items). Liberally construed, a retaliation claim is stated against each fo these five deputies. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).   Liberally construed, the second amended complaint also adequately links the Sheriff individually and San Francisco Sheriff's Department as an arm of the municipality on this claim. See Second Amended Complaint, attachment at 32-36.

B.   Miscellaneous Matters

Hoffman sent with his second amended complaint a copy of a California Statutory Will.  He later sent to the court a letter in which he stated that he did not expect to live though the conclusion of this case, that he wanted his case to go forward if he died, and that the court should "please send final adjudication (and any financial remunerations) awarded by the Honorable Court to Executor of my Estate."  Letter labelled affidavit, dated October 27, 2009, p. 2.  The federal court does not get involved in making arrangements for the prosecution of an action in anticipation of a litigant becoming unable to prosecute it. Arrangements for the handling of Hoffman's estate should be made between Hoffman and his executor as part of his estate planning.

In one of several documents captioned generically as motions Hoffman asked the court to order the Sheriff to turn over some documents to him and the FBI.  As explained in

4

the Order Of Dismissal With Leave To Amend, page 4, the court does not do investigations or discovery on behalf of litigants. The court also does not do investigations for the FBI. The motion for an order for turn-over of documents is DENIED.

In several more documents captioned generically as motions, Hoffman asked for a court order that he receive the benefits of pro se status available generally at the jail, which he describes as law library access, $20 per week in legal supplies, and telephone cards. This motion is DENIED. Hoffman has misread the jail's policy. The jail's policy, as described in the various documents he submitted, allows these items for persons who are challenging the reason for their detention (e.g., defendants proceeding pro per in their criminal cases and civil commitment people proceeding pro per in their challenges to the commitments), and does not authorize supplies for self-represented litigants such as Hoffman for use in their cases in which they challenge the conditions of confinement. This court's identification of Hoffman as pro se simply means that he represents himself in this action and does not confer any privileges on him within the jail. The federal constitutional right of access to the courts also does not require that he be provided with law library access, supplies, and telephone cards. The U.S. Supreme Court has limited the right of access to the courts to two particular types of cases: civil rights actions under 42 U.S.C. § 1983 challenging conditions of confinement and petitions for writ of habeas corpus challenging convictions. See Lewis v. Casey, 518 U.S. 343, 354-55 (1996), and has limited the time frame during which the right exists. The right of access to the courts is the right to bring to a court a grievance. See id. at 354. The state has no duty to "enable the prisoner to discover grievances and to litigate effectively once in court." Id. (emphasis omitted). The jail or prison needs to provide the tools inmates need to attack their sentences (on direct appeal or on habeas) and to raise constitutional challenges to the conditions of their confinement. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. The court will not order the jail to help Hoffman prosecute his case. The court also notes that plaintiff's second amended complaint has a 44-page attachment that cites and discusses dozens of federal cases, which certainly suggests

5

that he has had ample access to a law library, paper and a writing instrument.

The court once again informs Hoffman that he should not send letters to the undersigned. See Order of Dismissal With Leave To Amend, p. 4. He also should not send court filings in envelopes addressed to the undersigned. Any document that he wants filed in this action must be sent to the court clerk, rather than the judge to whom an action has been signed. While he may think that he will receive quicker action by addressing his envelopes to the judge, doing so actually slows down the consideration of the documents and increases the likelihood that the documents will not make it to the court file.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff has stated a cognizable § 1983 claim for violations of his rights under the First Amendment's Free Exercise Clause, RLUIPA, his due process right to be free from excessive force, and his right to be free from retaliation.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint and this order upon the following defendants:

    San Francisco Sheriff's Department
    San Francisco Sheriff Michael Hennessey
    San Francisco Sheriff's Deputy Markrees
    San Francisco Sheriff's Deputy McAffee
    San Francisco Sheriff's Deputy O'Shea
    San Francisco Sheriff's Deputy Lopez
    San Francisco Sheriff's Deputy Conklin

The deputies are employed in the C-Pod of San Francisco County Jail # 8.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **January 22, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive

motion must be filed with the court and served upon defendants no later than **February 26, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

   c. If defendants wish to file a reply brief, they must file and serve the reply brief no later than **March 12, 2010**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he

must include the case name and case number for this case on any document he submits to this court for consideration in this case.

      7.      Any document plaintiff sends to the court for filing must be sent in an envelope addressed to the clerk, rather than addressed to the undersigned, so that the materials will reach the court file and be docketed.

IT IS SO ORDERED.

Dated: November 6, 2009

                                        _____
                                        Marilyn Hall Patel
                                        United States District Judge